NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANGEL MARTINEZ-VALENCIA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos. 18-71163 <br>        19-71360 <br><br> Agency No. A088-667-359 <br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jose Angel Martinez-Valencia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal (petition No. 18-71163), and the BIA's order denying his motion to reconsider and terminate (petition No. 19-71360). Our jurisdiction is

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In petition No. 18-71163, we dismiss in part and deny in part the petition for review. In petition No. 19-71360, we deny the petition for review.

As to petition No. 18-71163, we lack jurisdiction to review the denial of cancellation of removal based on the discretionary determination that Martinez-Valencia failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Martinez-Valencia has not raised a colorable constitutional or legal claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D), *Martinez-Rosas*, 424 F.3d at 930; *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need not write an exegesis on every contention).

We also lack jurisdiction over Martinez-Valencia's contention that the IJ failed to serve as an impartial adjudicator because he did not raise this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (requiring exhaustion of a procedural error that could be corrected by the BIA); *see also De Mercado v. Mukasey*, 566 F.3d 810, 815 n.4 (9th Cir. 2009) (claim that IJ failed to serve as an impartial adjudicator and denied petitioner a full and fair hearing was unreviewable because it was not raised to the BIA). We reject as unsupported

by the record Martinez-Valencia's claim that the BIA violated his right to due process.

As to petition No. 19-71360, Martinez-Valencia waived any challenge to the BIA's determination that his motion to reconsider was untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Martinez-Valencia's motion to remand and terminate proceedings, where his contentions that the immigration judge lacked jurisdiction over his proceedings are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) and *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020). We reject as unsupported by the record Martinez-Valencia's contention that the BIA violated his right to due process.

As stated in the court's July 25, 2018 order, the temporary stay of removal remains in place until issuance of the mandate.

**NO. 18-71163:  PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**NO. 19-71360:  PETITION FOR REVIEW DENIED.**